```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2
                   CASE NO. 21-20383-CR-MOORE/LOUIS
 3
    UNITED STATES OF AMERICA,
 4                                      Miami, Florida
                    Plaintiff(s),
 5                                      December 6, 2021

 6          vs.

 7  PABLO ANTONIO GUERRERO MARQUEZ,
    ENER CORTES RODRIGUEZ, and
    LEONEL GARCIA CABEZA,
 8
                    Defendant(s).
 9  ----------------------------------------------------------

10                    CHANGE OF PLEA HEARING
             BEFORE THE HONORABLE LAUREN FLEISCHER LOUIS
11                 UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  FOR THE PLAINTIFF(S):  Yvonne Rodriguez-Schack, Esquire
                           United States Attorney's Office
14                         99 North East Fourth Street
                           Miami, Florida 33132
15


16
    FOR THE DEFENDANT      Christian Dunham, Esquire
17  GUERRERO MARQUEZ:      Public Defender's Office
                           150 West Flagler Street
18                         Miami, Florida 33130

19

20

21

22

23

24

25
```

```
 1   APPEARANCES (Cont.):

 2   FOR THE DEFENDANT        Jacob A. Cohen, Esquire
     CORTES RODRIGUEZ:        Law Offices of Jacob A. Cohen, PLLC
 3                            750 South Dixie Highway
                             Boca Raton, Florida 33432
 4


 5
     FOR THE DEFENDANT        David A. Donet, Jr., Esquire
 6   GARCIA CABEZA:           Donet, McMillan & Trontz, PA
                             3250 Mary Street
 7                            Suite 406
                             Coconut Grove, Florida 33133
 8


 9
     REPORTED BY:             Tammy Nestor, RMR, CRR
10                            Official Court Reporter
                             400 North Miami Avenue
11                            Miami, Florida 33128
                             tammy_nestor@flsd.uscourts.gov
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   The following proceedings began at 1:40 p.m.:
 2            THE COURT:  Good afternoon.  Please be seated.
 3            THE COURTROOM DEPUTY:  Calling case
 4   No. 21-20383-Criminal-Judge Moore.  United States versus Pablo
 5   Antonio Guerrero Marquez, Ener Cortes Rodriguez, and Leonel
 6   Garcia Cabeza.
 7            Counsel, would you please note your appearances for
 8   the record.
 9            MS. RODRIGUEZ-SCHACK:  Good afternoon, Your Honor.
10   Yvonne Rodriguez-Schack on behalf of the United States.
11            THE COURT:  Thank you, Ms. Schack.
12            MR. DUNHAM:  Good afternoon, Your Honor.  Christian
13   Dunham, Assistant Federal Public Defender, on behalf of
14   Mr. Guerrero Marquez, who is present with the services of the
15   Spanish interpreter.
16            THE COURT:  Thank you, Mr. Dunham.
17            Mr. Guerrero Marquez, can you hear the interpreter?
18            DEFENDANT GUERRERO MARQUEZ:  Yes, I do.
19            THE COURT INTERPRETER:  Your Honor, from the
20   interpreter, I won't be able to touch the system in the back as
21   much, so I may yell at you because I'm right next to them.
22            THE COURT:  No worries.
23            THE COURT INTERPRETER:  Okay.
24            MR. COHEN:  Your Honor, good afternoon.  Jacob Cohen
25   on behalf of Mr. Ener Cortes, and he's sitting beside me on my
```

```
 1  left.

 2          THE COURT:  Thank you, Mr. Cohen.

 3          Mr. Rodriguez, can you hear the interpreter?

 4          DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 5          THE COURT:  Do you prefer Mr. Rodriguez or Mr. Cortes

 6  Rodriguez, your name?

 7          DEFENDANT CORTES RODRIGUEZ:  Ener Cortes Rodriguez.

 8          THE COURT:  Go ahead, Mr. Donet.

 9          MR. DONET:  Good afternoon, Your Honor.  David Donet

10  on behalf of Leonel Garcia Cabeza, who is present before the

11  Court with the aid of the Spanish language interpreter.

12          THE COURT:  Thank you so much, Mr. Donet.

13          How about you, Mr. Garcia Cabeza, can you hear the

14  interpreter?

15          DEFENDANT GARCIA CABEZA:  Yes, ma'am.

16          THE COURT:  Counsel, I understand collectively you are

17  here because your clients wish to change their plea in this

18  case.  Is that right?

19          MR. DUNHAM:  Yes, Your Honor.

20          THE COURT:  Okay.  May I have them sworn in.

21                  PABLO ANTONIO GUERRERO MARQUEZ,
                      ENER CORTES RODRIGUEZ, and
22                    LEONEL GARCIA CABEZA,

23  Having been first duly sworn on oath, were examined and

24  testified as follows:

25          THE COURT:  Gentlemen, I have all three of you here,
```

```
 1   and we are going to do this hearing together.  I am going to
 2   ask all of you questions and I am going to try to make sure
 3   that I use your name when I am looking for a verbal response
 4   from you.
 5           If at any point you have trouble with the device and
 6   you don't hear the interpretation of what I am saying, tell me
 7   by raising your hand or nudge your attorney, but in some way
 8   get my attention so that we fix the device.  Will you do that
 9   for me, all of you, Mr. Guerrero Marquez?
10           DEFENDANT GUERRERO MARQUEZ:  Yes.
11           THE COURT:  Mr. Cortes Rodriguez?
12           DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
13           THE COURT:  And Mr. Garcia Cabeza?
14           DEFENDANT GARCIA CABEZA:  Yes, ma'am.
15           THE COURT:  Okay.  Thank you all.  Let me -- once
16   again, I am going to keep going down the row with all three of
17   you.
18           Mr. Guerrero Marquez, do you understand that you are
19   now under oath, and if you answer any of my questions falsely,
20   your answers may later be used against you in another
21   prosecution for perjury or making a false statement?
22           DEFENDANT GUERRERO MARQUEZ:  Yes.
23           THE COURT:  Same question to you, Mr. Cortes
24   Rodriguez, do you understand you are now under oath, if you
25   answer any of my questions falsely, your answers may later be
```

```
 1    used against you in another prosecution for perjury or making a

 2    false statement?

 3            DEFENDANT CORTES RODRIGUEZ:  Yes.

 4            THE COURT:  Finally, Mr. Garcia Cabeza, do you

 5    understand that you are now under oath, and if you answer any

 6    of my questions falsely, your answers may later be used against

 7    you in another prosecution for perjury or making a false

 8    statement?

 9            DEFENDANT GARCIA CABEZA:  Yes, ma'am.

10            THE COURT:  Okay.  Gentlemen, I understand you are

11    here today because you want to change your plea from not guilty

12    to guilty.  Under the law, you cannot change that plea without

13    first getting permission from the Court.  I have to determine

14    that your decision to plead guilty is a knowing and voluntary

15    decision supported by an independent basis in fact.  So I am

16    going to ask you all some questions to make sure that you each

17    understand what's happening, you know what your options are,

18    you know what rights you would be giving up if you plead

19    guilty, and you know what the possible penalties and other

20    consequences will be if you plead guilty.

21            Also, in federal court, you can't plead guilty to

22    something you didn't do.  So I need to make sure that there are

23    facts that support your guilty plea.

24            Do you understand that these are the purposes of my

25    questioning, Mr. Guerrero Marquez?
```

```
 1              DEFENDANT GUERRERO MARQUEZ:  Yes.

 2              THE COURT:  Mr. Cortes Rodriguez?

 3              DEFENDANT CORTES RODRIGUEZ:  Yes.

 4              THE COURT:  Mr. Garcia Cabeza?

 5              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 6              THE COURT:  Okay.  If at any time you want to speak to

 7    your lawyer before answering a question, just let me know and I

 8    will give you time to speak with him.

 9              Likewise, if you don't understand a question, please

10    let me know and I will try to explain it differently or better

11    for you.  Will you each do that?

12              DEFENDANT GUERRERO MARQUEZ:  Yes.

13              DEFENDANT CORTES RODRIGUEZ:  Yes.

14              DEFENDANT GARCIA CABEZA:  Yes.

15              THE COURT:  Okay.  I am going to ask some questions of

16    you one at a time.  I am going to start with you, Mr. Cortes

17    Rodriguez.  Will you please tell me your full name for the

18    record.

19              DEFENDANT CORTES RODRIGUEZ:  Ener Cortes Rodriguez.

20              THE COURT:  How old are you, sir?

21              DEFENDANT CORTES RODRIGUEZ:  46.  I will be 46.

22              THE COURT:  Okay.  Where were you born, sir?

23              DEFENDANT CORTES RODRIGUEZ:  In Sapinga (phonetic)

24    Narino.

25              THE COURT:  In what country is that?
```

```
 1              DEFENDANT CORTES RODRIGUEZ:  That's in Narino.

 2              THE COURT:  Okay.  Colombia?

 3              DEFENDANT CORTES RODRIGUEZ:  Yes, Colombia.

 4              THE COURT:  Are you a Colombian citizen?

 5              THE DEFENDANT:  Yes, ma'am.

 6              THE COURT:  Okay.  Before this trip, have you ever

 7  been to the United States?

 8              DEFENDANT CORTES RODRIGUEZ:  Never.

 9              THE COURT:  How far did you go in school?

10              DEFENDANT CORTES RODRIGUEZ:  I only went to school for

11  three years.

12              THE COURT:  Do you read and write?

13              DEFENDANT CORTES RODRIGUEZ:  Not a lot.

14              THE COURT:  Okay.  You have some written Spanish?

15              DEFENDANT CORTES RODRIGUEZ:  Yes, a little bit.

16              THE COURT:  Okay.  Have you ever been treated for any

17  type of mental illness or an addiction to any type of narcotic

18  drug?

19              DEFENDANT CORTES RODRIGUEZ:  (Shaking head.)

20              THE COURT:  Is that a no, Mr. Cortes Rodriguez?  I see

21  you shake your head.

22              Oh, you don't understand?

23              Have you ever been diagnosed with any type of mental

24  condition, whether it's depression or schizophrenia, any type

25  of illness in your head, that could prevent you from
```

1   understanding these proceedings?

2          DEFENDANT CORTES RODRIGUEZ:  No, no, no.

3          THE COURT:  How about narcotic drugs like cocaine,

4   like heroin, any type of narcotic drug, have you ever been

5   addicted to and treated for an addiction?

6          DEFENDANT CORTES RODRIGUEZ:  No.

7          THE COURT:  Okay.  How about today, this hearing, are

8   you under the influence, have you taken any type of drug or

9   alcohol that would prevent you from understanding these

10  proceedings today?

11         DEFENDANT CORTES RODRIGUEZ:  Well, I have taken

12  alcohol, but drugs, no.

13         THE COURT:  But how about today, did you take any

14  alcohol today before this hearing?

15         DEFENDANT CORTES RODRIGUEZ:  Today, no.

16         THE COURT:  Okay.  How about any type of medicine,

17  even a Tylenol, have you taken anything today?

18         DEFENDANT CORTES RODRIGUEZ:  I took a pill, yes,

19  because I have a toothache.

20         THE COURT:  What kind of pill, for the pain or an

21  antibiotic?

22         DEFENDANT CORTES RODRIGUEZ:  And antibiotic, a pill.

23         THE COURT:  Okay.  All right.  Are you finding that

24  that antibiotic you took is affecting your ability to think

25  clearly here at all today?

```
 1              DEFENDANT CORTES RODRIGUEZ:  No.

 2              THE COURT:  Do you feel like you are thinking clearly

 3    and you fully understand what's happening?

 4              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 5              THE COURT:  Based on my observations of Mr. Cortes

 6    Rodriguez and his responses to my questions, I find he's alert

 7    and competent to proceed.

 8              Mr. Guerrero Marquez, can I start by asking you to

 9    state your full name for me.

10              DEFENDANT GUERRERO MARQUEZ:  Pablo Antonio Guerrero

11    Marquez.

12              THE COURT:  How old are you, sir?

13              DEFENDANT GUERRERO MARQUEZ:  41.

14              THE COURT:  And where were you born, sir?

15              DEFENDANT GUERRERO MARQUEZ:  Canton Muisne, Esmeraldas

16    Providence.

17              THE COURT:  Is that in Colombia?

18              DEFENDANT GUERRERO MARQUEZ:  Canton Muisne, with an M,

19    in Esmeralda Province.

20              THE COURT:  Is that in Colombia?

21              DEFENDANT GUERRERO MARQUEZ:  Ecuador.

22              THE COURT:  Thank you.  Okay.  Are you an Ecuadorian

23    citizen?

24              DEFENDANT GUERRERO MARQUEZ:  Yes.

25              THE COURT:  All right.  Before this trip, have you
```

```
 1   ever been to the United States?

 2             DEFENDANT GUERRERO MARQUEZ:  Never.

 3             THE COURT:  How far did you go in school, sir?

 4             DEFENDANT GUERRERO MARQUEZ:  Third year.

 5             THE COURT:  Do you read and write?

 6             DEFENDANT GUERRERO MARQUEZ:  Yes.

 7             THE COURT:  Now, do you read and write in Spanish, or

 8   do you have any English?

 9             DEFENDANT GUERRERO MARQUEZ:  No, only Spanish.

10             THE COURT:  All right.  Now, Mr. Guerrero Marquez,

11   have you ever been treated for any type of mental illness or

12   addiction to any type of narcotic drug?

13             DEFENDANT GUERRERO MARQUEZ:  No.

14             THE COURT:  How about today, are you now under the

15   influence of any drug or alcohol or anything that would prevent

16   you from understanding this today?

17             DEFENDANT GUERRERO MARQUEZ:  No.

18             THE COURT:  Have you taken any medicine at all today,

19   even a Tylenol?

20             DEFENDANT GUERRERO MARQUEZ:  No.

21             THE COURT:  Do you feel like you are thinking clearly

22   and you fully understand what's happening?

23             DEFENDANT GUERRERO MARQUEZ:  Yes.

24             THE COURT:  Based on my observations of Mr. Guerrero

25   Marquez, I find -- and his responses to my questions, I find
```

```
 1    he's alert and competent to proceed.

 2            Mr. Garcia Cabeza, how old are you, sir?

 3            DEFENDANT GARCIA CABEZA:  My age?

 4            THE COURT:  Yes, sir.

 5            DEFENDANT GARCIA CABEZA:  24.

 6            THE COURT:  I skipped a question, you're right.

 7            DEFENDANT GARCIA CABEZA:  28, 28.

 8            THE COURT:  Oh, 28.  Let me ask you to state your full

 9    name for me.

10            DEFENDANT GARCIA CABEZA:  Leonel Garcia.

11            THE COURT:  Where were you born, sir?

12            DEFENDANT GARCIA CABEZA:  In Tumaco, Narino.

13            THE COURT:  Is that in Colombia?

14            DEFENDANT GARCIA CABEZA:  Yes, ma'am.

15            THE COURT:  Are you a Colombian citizen?

16            DEFENDANT GARCIA CABEZA:  Yes, ma'am.

17            THE COURT:  Before this trip, have you ever been to

18    the United States?

19            DEFENDANT GARCIA CABEZA:  No, ma'am.

20            THE COURT:  How far did you go in school?

21            DEFENDANT GARCIA CABEZA:  I went to school for two

22    years.

23            THE COURT:  Do you read and write?

24            DEFENDANT GARCIA CABEZA:  Very little.

25            THE COURT:  Okay.  Now, what you read and write, is
```

1   that in Spanish only, or do you have any English?

2           DEFENDANT GARCIA CABEZA:  Only in Spanish.

3           THE COURT:  All right.  Mr. Garcia Cabeza, have you

4   ever been treated for any type of mental illness or an

5   addiction to any type of narcotic drug?

6           DEFENDANT GARCIA CABEZA:  No, ma'am.

7           THE COURT:  What about today, are you now under the

8   influence of any type of drug, alcohol, or anything that could

9   prevent you from understanding this proceeding?

10          DEFENDANT GARCIA CABEZA:  No.

11          THE COURT:  Have you taken any medicine at all today,

12  even a Tylenol?

13          DEFENDANT GARCIA CABEZA:  No.

14          THE COURT:  Do you feel like you are thinking clearly

15  and you fully understand what's happening?

16          DEFENDANT GARCIA CABEZA:  Yes, ma'am.

17          THE COURT:  Based on Mr. Garcia Cabeza's responses and

18  my observations of him, I find that he's alert and competent to

19  proceed.

20          Gentlemen, I am not the judge who is assigned to your

21  overall case, which means that I am not the judge who will

22  sentence you if your guilty plea is accepted.

23          That Judge is Judge Moore.  He's referred this matter

24  to me for today's plea.

25          Because the charges against you are felonies, you have

```
 1    a right to have Judge Moore conduct this proceeding.  If you
 2    want, you can agree to let me conduct the hearing.  I am going
 3    to ask you the same questions that Judge Moore would ask you.
 4    If I agree that your pleas should be accepted, the procedure
 5    going forward including how your sentencing will be conducted
 6    is the same.
 7              Mr. Guerrero Marquez, did you have a chance to speak
 8    to your lawyer about having me conduct this hearing instead of
 9    Judge Moore?
10              DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.
11              THE COURT:  Understanding you have the right to have
12    Judge Moore conduct this hearing, do you agree to have me do it
13    instead?
14              DEFENDANT GUERRERO MARQUEZ:  Yes.
15              THE COURT:  Mr. Cortes Rodriguez, did you have a
16    chance to speak to your lawyer about having me conduct this
17    hearing instead of Judge Moore?
18              DEFENDANT CORTES RODRIGUEZ:  Yes.
19              THE COURT:  Understanding that you have the right to
20    have Judge Moore conduct the hearing, do you agree to have me
21    do it instead?
22              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
23              THE COURT:  Mr. Garcia Cabeza, did you have a chance
24    to speak to your lawyer about having me conduct this hearing
25    instead of Judge Moore?
```

```
 1                DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 2           THE COURT:  Understanding you have the right to have

 3      Judge Moore conduct this hearing, do you agree to have me do it

 4      instead?

 5                DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 6           THE COURT:  Ms. Rodriguez-Schack, any objection from

 7      the government?

 8                MS. RODRIGUEZ-SCHACK:  No objection, Your Honor.

 9           THE COURT:  I find the defendants' decision to consent

10      to have me conduct this hearing is a knowing and voluntary

11      decision.

12           Okay.  Gentlemen, did each of you receive a copy of

13      the indictment pending against you, that is the written charges

14      made against you in this case, Mr. Guerrero Marquez?

15                DEFENDANT GUERRERO MARQUEZ:  Yes.

16           THE COURT:  Mr. Cortes Rodriguez?

17                DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

18           THE COURT:  Mr. Garcia Cabeza?

19                DEFENDANT GARCIA CABEZA:  Yes.

20           THE COURT:  All right.  And have each of you fully

21      discussed those charges and the case in general with your

22      attorney?

23                DEFENDANT GUERRERO MARQUEZ:  Yes.

24           THE COURT:  Mr. Cortes Rodriguez?

25                DEFENDANT CORTES RODRIGUEZ:  Yes.
```

```
 1              THE COURT:  And Mr. Garcia?

 2              DEFENDANT GARCIA CABEZA:  Yes.

 3              THE COURT:  Gentlemen, have you each had enough time

 4    to think about this and talk about it with your lawyer?

 5              DEFENDANT GUERRERO MARQUEZ:  Yes.

 6              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 7              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 8              THE COURT:  Thank you.  Did you and your lawyer review

 9    the discovery materials that is the evidence the government

10    says it would use to prove its case at trial?

11              DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

12              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

13              DEFENDANT GARCIA CABEZA:  Yes.

14              THE COURT:  Did you discuss with your lawyer possible

15    defenses you might have to the charges, for example, witnesses

16    you might be able to call on your behalf?

17              DEFENDANT GUERRERO MARQUEZ:  Yes.

18              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

19              DEFENDANT GARCIA CABEZA:  Yes.

20              THE COURT:  Are there any questions about the case

21    that you've asked but your lawyer has not answered to your

22    satisfaction or anything you have asked your lawyer to do for

23    you that he has not done?

24              DEFENDANT GUERRERO MARQUEZ:  No.

25              DEFENDANT CORTES RODRIGUEZ:  No.
```

```
 1            DEFENDANT GARCIA CABEZA:  No, ma'am.

 2            THE COURT:  Are you fully satisfied with your attorney

 3   and the advice and representation your attorney has given you

 4   in this case?

 5            DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

 6            DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 7            DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 8            THE COURT:  Gentlemen, I have received three documents

 9   entitled plea agreement.  Each are seven pages.

10            And, Ms. Rodriguez-Schack, they appear to be

11   completely identical to me.  Is that right?

12            MS. RODRIGUEZ-SCHACK:  That is correct, Your Honor.

13            THE COURT:  Gentlemen, I have the signed versions

14   here.  I will ask you if -- Mr. Guerrero Marquez, is that your

15   signature above the line defendant on page 7 of this plea

16   agreement?

17            DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

18            THE COURT:  Mr. Dunham, that looks like your

19   signature.

20            MR. DUNHAM:  Yes, Your Honor.

21            THE COURT:  Mr. Cortes Rodriguez, did you sign this

22   plea agreement on page 7?

23            DEFENDANT CORTES RODRIGUEZ:  Yes.

24            THE COURT:  Mr. Cohen, that looks like your signature

25   as well.  Is that right?
```

```
 1              MR. COHEN:  Yes, Your Honor.

 2              THE COURT:  Okay.  And, Mr. Garcia Cabeza, did you

 3     sign here Leonel on page 7 of the plea agreement?

 4              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 5              THE COURT:  And, Mr. Donet, that's your signature as

 6     well?

 7              MR. DONET:  Yes, Your Honor.

 8              THE COURT:  Okay.  Did each of you have an opportunity

 9     to read and discuss each and every paragraph of the plea

10     agreement with your lawyer before you signed it, Mr. Guerrero

11     Marquez?

12              DEFENDANT GUERRERO MARQUEZ:  Yes.

13              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

14              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

15              THE COURT:  Okay.  The version that I am looking at is

16     in English was the plea agreement translated into Spanish for

17     you, Mr. Guerrero Marquez?

18              DEFENDANT GUERRERO MARQUEZ:  Yes, my attorney.

19              THE COURT:  Mr. Cortes Rodriguez?

20              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

21              THE COURT:  Mr. Garcia Cabeza, was it translated in

22     Spanish for you?

23              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

24              THE COURT:  Did each of your lawyers answer any

25     questions you may have had about the plea agreement?
```

```
 1              DEFENDANT GUERRERO MARQUEZ:  Yes.
 2              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
 3              DEFENDANT GARCIA CABEZA:  Yes, ma'am.
 4         THE COURT:  Gentlemen, do you believe that you fully
 5    understand what's in the plea agreement?
 6              Mr. Guerrero Marquez?
 7              DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.
 8              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
 9              DEFENDANT GARCIA CABEZA:  Yes, ma'am.
10         THE COURT:  Paragraph 1 of each of the plea agreements
11    said that you are agreeing to plead guilty to Count 1 of the
12    indictment which charges you all with the crime of conspiracy
13    to possess with intent to distribute 5 kilograms of cocaine
14    while on board a vessel subject to the jurisdiction of the
15    United States, in violation of Title 46 United States Code,
16    Section 70506.
17         The maximum sentence you could receive if you plead
18    guilty to that count is listed in paragraph 4.  Counsel, do you
19    prefer to have copies of plea agreements there with you, with
20    your clients as you are going through this?  Do you want me to
21    hand these back down?
22         MR. COHEN:  Yes, Your Honor.
23         THE COURT:  Gentlemen, the maximum penalty you could
24    receive if you plead guilty to Count 1 is listed at paragraph 4
25    of your plea agreement.  The penalty that may be imposed is up
```

```
 1    to life imprisonment, and the Court must impose a minimum
 2    sentence of at least ten years in prison followed by a term of
 3    supervised release of at least five years and up to life, a
 4    fine of up to $10 million, and the Court may order forfeiture
 5    of any property that was used or intended for use in the
 6    commission of the crime.
 7            The Court will also impose a special assessment or
 8    court costs of a hundred dollars per count which is due at the
 9    time of sentencing.
10            Also, if you are not a U.S. citizen, and you have all
11    indicated you are not, your conviction of this offense could be
12    used to remove you from the United States, deny you citizenship
13    within the United States, and deny admission to the United
14    States in the future.  Do you understand the possibility of
15    removal?
16            DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.
17            DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
18            DEFENDANT GARCIA CABEZA:  Yes, ma'am.
19            THE COURT:  Supervised release is a period of time
20    after incarceration when you have to comply with conditions set
21    by the Court.  During that time, you will have to report to a
22    probation officer.  Do you understand that if you violate the
23    terms of your supervised release, you could be given additional
24    time in prison?
25            DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.
```

 1          DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 2          DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 3          THE COURT:  Do you also understand that parole has

 4    been abolished and that if you are sentenced to prison, you

 5    will not be released on parole?

 6          DEFENDANT GUERRERO MARQUEZ:  Yes.

 7          DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 8          DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 9          THE COURT:  The Court may also order -- be required to

10    order under the mandatory victims restitution act that you make

11    restitution to any victim of the offense.  Do you understand

12    the possibility of restitution?

13          DEFENDANT GUERRERO MARQUEZ:  I'm sorry, I did not

14    understand that.

15          THE COURT:  Restitution, let me try to make a

16    different word here.  Restitution is the possibility of having

17    to pay money to someone who can show that they had a loss

18    because of the offense.  What I am telling you is not that

19    restitution is applicable to your case.  What I am telling you

20    is that, if there is restitution to be paid, it's mandatory,

21    and the Court might have to order restitution be paid if there

22    is a victim here who has losses that it can show at the time of

23    sentencing.  Do you now understand the possibility of

24    restitution?

25          DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

```
 1              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 2              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 3              THE COURT:  I want to emphasize two things about the

 4    maximum penalties.  First, because the possible sentence is

 5    more than a year in prison, you would be pleading guilty to a

 6    felony.  Do you understand that if your plea is accepted, you

 7    will be adjudicated of a felony and that adjudication may

 8    deprive you of valuable civil rights such as the right to vote,

 9    the right to hold public office, the right to serve on a jury,

10    and the right to possess any kind of firearm?

11              DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

12              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

13              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

14              THE COURT:  Second, by pleading guilty, you are taking

15    the risk that Judge Moore will sentence you to the maximum

16    penalty.  As we sit here today, no one knows what your sentence

17    will be.  Do you understand that as long as your sentence does

18    not exceed the maximum penalty I just described, you will not

19    be allowed to take back your plea if you are not happy with the

20    sentence you receive?

21              DEFENDANT GUERRERO MARQUEZ:  Yes.

22              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

23              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

24              THE COURT:  Okay.  Mr. Guerrero Marquez, did you and

25    your lawyer have a chance to talk about how the sentencing
```

1    guidelines work and how they might apply to your case?

2            DEFENDANT GUERRERO MARQUEZ:  Yes.

3            DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

4            DEFENDANT GARCIA CABEZA:  Yes, ma'am.

5            THE COURT:  Generally speaking, the way the guidelines

6    work is based on giving a certain number of points based on the

7    crime and a certain number of points based on your criminal

8    history.  You take those points, apply them to a grid, and it

9    gives an advisory range of months that Judge Moore has to

10   consider.  Do you understand that's generally how the

11   guidelines work?

12           DEFENDANT GUERRERO MARQUEZ:  Yes.

13           DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

14           DEFENDANT GARCIA CABEZA:  Yes, ma'am.

15           THE COURT:  So if your plea is accepted, the probation

16   office will prepare a presentence investigation report for

17   Judge Moore.  Part of that report will be the probation

18   officer's calculation of how the sentencing guidelines apply to

19   your case.  If you don't agree with how probation calculates

20   the guidelines, you will have a chance to object and have Judge

21   Moore decide who is correct.

22           Paragraph 7 of the plea agreement talks about

23   acceptance of responsibility.  Under the sentencing guidelines,

24   a defendant can get points off for accepting responsibility and

25   pleading guilty.  In this paragraph, the government is agreeing

1   to recommend that you get up to three points off, that the

2   government is not required to make that recommendation if you

3   fail to make a full, accurate, and complete disclosure to the

4   probation office of the circumstances surrounding the relevant

5   offense conduct, if you are found to misrepresent facts to the

6   government prior to entering the plea agreement, or if you

7   commit any misconduct after entering into the plea agreement.

8   So long as you satisfy those conditions, the government's

9   promising to recommend that you get those points off.

10          Judge Moore is not required to follow that

11  recommendation.  Do you understand that if Judge Moore does not

12  follow the government's recommendation, that will not be

13  grounds to withdraw your plea, Mr. Guerrero Marquez?

14          DEFENDANT GUERRERO MARQUEZ:  Yes.

15          THE COURT:  Mr. Cortes Rodriguez?

16          DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

17          DEFENDANT GARCIA CABEZA:  Yes, ma'am.

18          THE COURT:  The parties have also agreed to recommend

19  that the Court impose the sentence without regard to the

20  statutory minimum sentence.  If you are found to be what we

21  call safety valve eligible -- did your lawyer explain to you

22  what is required for you to be eligible for safety valve,

23  Mr. Guerrero Marquez?

24          DEFENDANT GUERRERO MARQUEZ:  Yes.

25          DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

```
 1              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 2              THE COURT:  The criteria are set forth in paragraph 8

 3    of your plea agreement, and again the government is not

 4    required to make this recommendation if you are found to have

 5    misrepresented any facts, committed any misconduct, or failed

 6    to make a full and accurate disclosure of the offense conduct

 7    to the government by no later than the sentence.

 8              Judge Moore is not required to follow this

 9    recommendation.  Do you again understand that if Judge Moore

10    does not follow the government's recommendation, that will not

11    be grounds to withdraw your plea?

12              DEFENDANT GUERRERO MARQUEZ:  Yes.

13              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

14              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

15              THE COURT:  The parties have agreed at paragraph 9 of

16    the plea agreement to jointly recommend that the Court make

17    certain findings and conclusions, specifically, that the amount

18    of cocaine to which you are each accountable is

19    1,183 kilograms.

20              Did I get that right, Ms. Rodriguez-Schack?

21              MS. RODRIGUEZ-SCHACK:  Absolutely, yes, Your Honor.

22              THE COURT:  Okay.  This recommendation is not binding

23    on probation or the Court.  Do you again understand that if

24    Judge Moore does not follow this recommendation, that will not

25    be grounds to withdraw your plea?
```

1          DEFENDANT GUERRERO MARQUEZ:  Yes.

2          DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

3          DEFENDANT GARCIA CABEZA:  Yes, ma'am.

4          THE COURT:  The sentencing guidelines are only one of

5    several factors that Judge Moore must consider in deciding on

6    your sentence.  After considering all the required factors, he

7    might impose a sentence within the advisory guideline range,

8    above that range, or below it.  He may impose a sentence

9    greater than what you or your lawyer have estimated.  What I

10   want to make sure you understand is that, if Judge Moore gives

11   you a sentence higher than what you were hoping for, that will

12   not be grounds to withdraw your plea.  Do you understand,

13   Mr. Guerrero Marquez?

14         DEFENDANT GUERRERO MARQUEZ:  Yes.

15         DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

16         DEFENDANT GARCIA CABEZA:  Yes, ma'am.

17         THE COURT:  Okay.  The final paragraph of each of

18   these plea agreements says there are no other promises or

19   agreements other than what's contained in the written document.

20         Let me start with you, Mr. Dunham.  Are there any

21   other promises or agreements that are not in the plea

22   agreement?

23         MR. DUNHAM:  No, Your Honor.

24         THE COURT:  Mr. Cohen?

25         MR. COHEN:  There are none, Your Honor.

```
1            THE COURT:  Mr. Donet?

2            MR. DONET:  No, Your Honor.

3            THE COURT:  Ms. Rodriguez-Schack?

4            MS. RODRIGUEZ-SCHACK:  No, Your Honor.

5            THE COURT:  To my defendants here, Mr. Guerrero

6   Marquez, does the plea agreement represent every understanding

7   you have with the government?

8            DEFENDANT GUERRERO MARQUEZ:  Yes.

9            THE COURT:  Mr. Cortes Rodriguez?

10           DEFENDANT CORTES RODRIGUEZ:  Yes.

11           DEFENDANT GARCIA CABEZA:  Yes, ma'am.

12           THE COURT:  Mr. Guerrero Marquez, has anyone made any

13  promise or assurance that's not in the plea agreement to

14  persuade you to accept the agreement?

15           DEFENDANT GUERRERO MARQUEZ:  No.

16           THE COURT:  Mr. Cortes Rodriguez?

17           DEFENDANT CORTES RODRIGUEZ:  No.

18           THE COURT:  Mr. Garcia?

19           DEFENDANT GARCIA CABEZA:  No.

20           THE COURT:  Has anyone threatened you in any way to

21  persuade you to accept the plea agreement, Mr. Guerrero

22  Marquez?

23           DEFENDANT GUERRERO MARQUEZ:  No.

24           DEFENDANT CORTES RODRIGUEZ:  No.

25           DEFENDANT GARCIA CABEZA:  No.
```

```
 1              THE COURT:  Are you pleading guilty because you are,
 2    in fact, guilty, Mr. Guerrero Marquez?
 3              DEFENDANT GUERRERO MARQUEZ:  Yes.
 4              THE COURT:  Mr. Cortes?
 5              DEFENDANT CORTES RODRIGUEZ:  Yes.
 6              THE COURT:  Mr. Garcia?
 7              DEFENDANT GARCIA CABEZA:  Yes, ma'am.
 8              THE COURT:  Any good time or release for provisions if
 9    they are applicable to your case are between you and the Bureau
10    of Prisons.  They are not part of this plea agreement.  So if
11    the Bureau of Prisons makes you serve the entire sentence,
12    that's a chance you take by entering your plea and it would not
13    be grounds to withdraw your plea.  Do you each understand?
14              DEFENDANT GUERRERO MARQUEZ:  Yes.
15              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
16              DEFENDANT GARCIA CABEZA:  Yes, ma'am.
17              THE COURT:  Okay.  Gentlemen, I want to review with
18    you the rights you would be giving up that are associated with
19    the trial.  Do you each understand you have the right to plead
20    not guilty to any offense charged against you and to persist in
21    that plea, Mr. Guerrero Marquez?
22              DEFENDANT GUERRERO MARQUEZ:  I did not understand
23    that.
24              THE COURT:  Okay.  Let me try it this way.  Do you
25    understand, sir, that no one can make you enter a not guilty
```

 1   plea, but rather -- I'm sorry, no one can make you enter a

 2   guilty plea, but rather, you have the right to plead not guilty

 3   to any charge and to not change your mind?

 4          DEFENDANT GUERRERO MARQUEZ:  No.

 5          THE COURT:  Okay.  Do you understand, sir, that you

 6   have the right to plead not guilty and to proceed to a jury

 7   trial where the government would have to prove its case against

 8   you?

 9          DEFENDANT GUERRERO MARQUEZ:  Yes, I do understand.

10          THE COURT:  Okay.  Mr. Cortes Rodriguez, do you

11   understand that you have the right to plead not guilty to any

12   offense and to persist in that plea, meaning not change your

13   plea to guilty?

14          DEFENDANT CORTES RODRIGUEZ:  Well, ma'am, I am guilty.

15          THE COURT:  I understand that.  That's why we are

16   here.  I want to make sure, though, that you know you have the

17   right to say not guilty and to insist at a trial by jury that

18   the government prove your guilt of these charges.  Do you

19   understand you have that right?

20          MR. COHEN:  Your Honor, can I have a second?

21          THE COURT:  Yes.  Thank you.

22          Likewise, Mr. Dunham, if there is any other question

23   you think I need to ask Mr. Guerrero Marquez, let me know.

24          MR. COHEN:  Your Honor, just for clarification, my

25   client, Mr. Ener Cortes Rodriguez, understands he has the right

 1   to go to jury trial, but he does not want to exercise that

 2   right at this time.

 3           THE COURT:  Okay.  I am going to approach it slightly

 4   differently for all three gentlemen.

 5           I am going to start this way.  Gentlemen, I want to

 6   review with you those rights I just told you about and make

 7   sure you understand you have the right to a jury trial.  At

 8   trial, under the law, you would be presumed to be innocent.

 9   The government would have to prove your guilt by a standard we

10   call reasonable doubt, beyond a reasonable doubt.  You have the

11   right to assistance of counsel, the attorney sitting next to

12   you, for your defense appointed if necessary as all of these

13   attorneys have been appointed by the Court.  You have the right

14   to the assistance of counsel at trial and at every other stage

15   of court proceedings.

16           At trial, you have the right to confront witnesses, to

17   see them and hear them and have them questioned or

18   cross-examined in your defense.  You have the right to compel

19   at trial witnesses to come testify on your behalf.  You have

20   the right to remain silent and decide not to testify.  If you

21   decided not to testify or put on any evidence at all, these

22   facts could not be used against you.  And you would also have

23   the right to testify at trial if you wished to do so.  And you

24   would have the right if convicted to appeal to the Eleventh

25   Circuit your conviction and the jury's finding of guilt.

```
 1              Mr. Guerrero Marquez, do you understand that you have

 2    these rights associated with a trial by jury?

 3              DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

 4              THE COURT:  Mr. Cortes Rodriguez?

 5              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 6              THE COURT:  Mr. Garcia?

 7              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

 8              THE COURT:  Okay.  Mr. Guerrero Marquez, now, do you

 9    understand that you have the right to plead not guilty and to

10    proceed to a jury trial if you want one?

11              DEFENDANT GUERRERO MARQUEZ:  Yes.

12              THE COURT:  Mr. Cortes Rodriguez, do you understand

13    you have the right to the jury trial I just described if you

14    wanted it?

15              DEFENDANT CORTES RODRIGUEZ:  No, ma'am.

16              THE COURT:  Understand, Mr. Cortes Rodriguez, I am not

17    asking you if you want a jury trial.  I just want to make sure

18    that you know that you have the right to it.  If you chose to,

19    we would have that jury trial.  Do you understand you have that

20    right?

21              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

22              THE COURT:  Okay.  Mr. Garcia, do you understand that

23    you have the right to the jury trial I just described?

24              DEFENDANT GARCIA CABEZA:  Yes, ma'am.

25              THE COURT:  Okay.  And, Mr. Garcia, do you understand
```

1    you have the right to plead not guilty to any offense charged

2    against you and persist in that plea?

3           DEFENDANT GARCIA CABEZA:  Yes, ma'am.

4           THE COURT:  All right.  Gentlemen, by pleading guilty,

5    if the Court accepts your plea, there will be no trial and you

6    will have given up your right to a trial as well as all of the

7    other rights we just discussed.

8           Mr. Guerrero Marquez, do you understand the right that

9    you are giving up?

10          DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

11          THE COURT:  Mr. Cortes?

12          DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

13          THE COURT:  Mr. Garcia?

14          DEFENDANT GARCIA CABEZA:  Yes, ma'am.

15          THE COURT:  All right.  Gentlemen, you are proposing

16   to plead guilty to the crime of conspiring to possess with

17   intent to distribute a controlled substance aboard a vessel

18   subject to the jurisdiction of the United States.  Every crime

19   is made up of elements or parts which the government must prove

20   beyond a reasonable doubt.

21          In this case, the elements the government would have

22   to prove are that two or more people in some way agreed to try

23   to accomplish a shared and unlawful plan to possess cocaine,

24   and that each of you knew the unlawful purpose of the plan and

25   willfully joined in it, and that the object of the unlawful

 1   plan was to possess with the intent to distribute more than

 2   5 kilograms of cocaine.

 3           Let me just clarify, when I say that each of you knew

 4   it, I mean that each of you individually, in order to prove

 5   your guilt, the element the government would have to prove is

 6   that you knew the unlawful purpose of the plan and willfully

 7   joined in it.

 8           Let me start by asking defense counsel if anyone

 9   objects to the way that I have memorialized the elements of the

10   crime.  Mr. Dunham?

11           MR. DUNHAM:  No, Your Honor.

12           THE COURT:  Mr. Cohen?

13           MR. COHEN:  No objection, Your Honor.

14           THE COURT:  Mr. Donet?

15           MR. DONET:  No, Your Honor.

16           THE COURT:  Ms. Rodriguez-Schack?

17           MS. RODRIGUEZ-SCHACK:  No, Your Honor.

18           THE COURT:  Mr. Guerrero Marquez, do you understand

19   each essential element of the crime, what the government would

20   have to prove?

21           DEFENDANT GUERRERO MARQUEZ:  Yes.

22           THE COURT:  Mr. Cortes?

23           DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

24           DEFENDANT GARCIA CABEZA:  Yes, ma'am.

25           THE COURT:  Do you understand that if the case had

```
 1    gone to trial, the government would have to have proven each
 2    essential element of the crime beyond a reasonable doubt, but
 3    when you plead guilty, you give up your right to have the
 4    government prove each essential element of the crime beyond a
 5    reasonable doubt?
 6              Mr. Guerrero Marquez, do you understand?
 7              DEFENDANT GUERRERO MARQUEZ:  Yes.
 8              THE COURT:  Mr. Cortes?
 9              DEFENDANT CORTES RODRIGUEZ:  Yes.
10              THE COURT:  And Mr. Garcia?
11              DEFENDANT GARCIA CABEZA:  Yes, ma'am.
12              THE COURT:  Also, you are giving up your chance to
13    argue that the government obtained the evidence improperly.
14    You can never file a motion to suppress the evidence.  Do you
15    understand?
16              DEFENDANT GUERRERO MARQUEZ:  Yes.
17              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
18              DEFENDANT GARCIA CABEZA:  Yes, ma'am.
19              THE COURT:  Okay.  Gentlemen, I want you to listen to
20    Ms. Rodriguez-Schack carefully now.  I know there's a factual
21    proffer you have signed, but I still want you to listen to her
22    summary of the facts of the case, because once she is finished,
23    I am going to ask you if those facts are accurate.
24              MS. RODRIGUEZ-SCHACK:  Thank you, Your Honor.
25              Should this case have proceeded to trial, the United
```

 1   States would be able to prove the following beyond a reasonable

 2   doubt:

 3          That on or about July 8, 2021 while on patrol, a

 4   United States marine patrol aircraft detected a go-fast vessel

 5   approximately 63 nautical miles south of Malpelo, Colombia in

 6   international waters upon the high seas.  The go-fast vessel

 7   had three individuals on board, displayed no apparent indicia

 8   of nationality, had a large amount of fuel barrels and

 9   containers on deck, and was operating in a known drug

10   trafficking area.

11          United States Coast Guard cutter James, which was in

12   the area, was diverted to investigate.  James sought and

13   received authorization to board the go-fast vessel.  James

14   launched an over-the-horizon boat to intercept.

15          The United States Coast Guard boarding team found

16   three individuals on board who were identified as Pablo Antonio

17   Guerrero Marquez, Ener Cortes Rodriguez, and Leonel Garcia

18   Cabeza.

19          No claim of nationality was made for the vessel.

20   Based on a failure to make a claim of nationality for the

21   vessel, the vessel was treated as a vessel without nationality

22   and, therefore, subject to the jurisdiction of the United

23   States.

24          A full law enforcement boarding followed.  The United

25   States Coast Guard boarding team recovered approximately

```
 1   1,183 kilograms of suspected cocaine from the vessel which
 2   later field-tested positive for cocaine.  All three individuals
 3   along with the 1,183 kilograms of suspected cocaine was
 4   transferred to the United States Coast Guard cutter James.
 5           The parties further agree that there is enough of a
 6   factual basis for the Court to make a finding that the vessel
 7   in this case was a vessel without nationality, and thus,
 8   pursuant to Title 46 United States Code, Section 70502,
 9   Subsection C is a vessel subject to the jurisdiction of the
10   United States.  Thank you.
11           THE COURT:  Mr. Guerrero Marquez, do you understand
12   what the government says it can prove in your case?
13           DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.
14           THE COURT:  Do you agree that they are accurate?
15           DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.
16           THE COURT:  Mr. Dunham, do you take any exception or
17   objection to the facts as summarized?
18           MR. DUNHAM:  No, Your Honor.
19           THE COURT:  Do you stipulate the government's factual
20   recitation contains the essential elements of the crime?
21           MR. DUNHAM:  Yes.
22           THE COURT:  Mr. Cortes Rodriguez, do you understand
23   what the government says it can prove in your case?
24           DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.
25           THE COURT:  Do you agree these facts are accurate?
```

```
 1              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

 2         THE COURT:  Mr. Cohen, do you take any exception or

 3    objection to the facts as summarized?

 4         MR. COHEN:  No, Your Honor.

 5         THE COURT:  Do you stipulate the government's factual

 6    recitation contains the essential elements of the crime?

 7         MR. COHEN:  Yes, Your Honor.

 8         THE COURT:  Mr. Garcia, do you understand what the

 9    government says it can prove in your case?

10         DEFENDANT GARCIA CABEZA:  Yes, ma'am.

11         THE COURT:  Do you agree these facts are accurate?

12         DEFENDANT GARCIA CABEZA:  Yes, ma'am.

13         THE COURT:  Mr. Donet, do you take any exception or

14    objection to the facts as summarized?

15         MR. DONET:  I do not, Your Honor.

16         THE COURT:  Do you stipulate that the government's

17    factual recitation contains the essential elements of the

18    crime?

19         MR. DONET:  I do, Your Honor.

20         THE COURT:  Mr. Guerrero Marquez, have you had enough

21    time to consider and discuss with your attorney whether you

22    wish to plead guilty to the charge?

23         DEFENDANT GUERRERO MARQUEZ:  Yes, ma'am.

24         THE COURT:  Mr. Dunham, is there anything I have

25    omitted to advise your client?
```

```
 1              MR. DUNHAM:  No, Your Honor.

 2              THE COURT:  Mr. Guerrero Marquez, how now do you plead

 3   to the charge in Count 1 of the indictment, guilty or not

 4   guilty?

 5              DEFENDANT GUERRERO MARQUEZ:  Guilty.

 6              THE COURT:  Mr. Dunham, are you satisfied that your

 7   client understands the charges and the consequences of his

 8   guilty plea?

 9              MR. DUNHAM:  Yes.

10              THE COURT:  Ms. Rodriguez-Schack, is there any reason

11   I should not accept Mr. Guerrero Marquez's plea?

12              MS. RODRIGUEZ-SCHACK:  No, Your Honor.

13              THE COURT:  Mr. Cortes Rodriguez, have you had enough

14   time now to consider and discuss with your attorney whether you

15   wish to plead guilty to the charge?

16              DEFENDANT CORTES RODRIGUEZ:  Yes, ma'am.

17              THE COURT:  Mr. Cohen, is there anything I have

18   omitted to advise your client?

19              MR. COHEN:  No, Your Honor.

20              THE COURT:  Mr. Cortes Rodriguez, how now do you plead

21   to the charge in Count 1 of the indictment, guilty or not

22   guilty?

23              DEFENDANT CORTES RODRIGUEZ:  Guilty.

24              THE COURT:  Are you satisfied, Mr. Cohen, that your

25   client understands the charges and the consequences of his
```

```
 1   guilty plea?
 2          MR. COHEN:  Yes, Your Honor.
 3          THE COURT:  Ms. Rodriguez-Schack, is there any reason
 4   why I should not accept the defendant's plea?
 5          MS. RODRIGUEZ-SCHACK:  No, Your Honor.
 6          THE COURT:  Mr. Garcia, have you had enough time now
 7   to consider and discuss with your attorney whether you wish to
 8   plead guilty to the charge?
 9          DEFENDANT GARCIA CABEZA:  Yes.
10          THE COURT:  Mr. Donet, is there anything I have
11   omitted to advise your client?
12          MR. DONET:  No, Your Honor.
13          THE COURT:  Mr. Garcia, how now do you plead to the
14   charge in Count 1 of the indictment, guilty or not guilty?
15          DEFENDANT GARCIA CABEZA:  Guilty.
16          THE COURT:  Mr. Donet, are you satisfied that your
17   client understands the charges and the consequences of his
18   guilty plea?
19          MR. DONET:  Yes, I am, Your Honor.
20          THE COURT:  Ms. Rodriguez-Schack, is there any reason
21   I should not accept Mr. Garcia's plea?
22          MS. RODRIGUEZ-SCHACK:  No, Your Honor.
23          THE COURT:  I find all three defendants are alert and
24   intelligent, that they are fully competent and capable of
25   entering an informed plea in this case, that the defendants are
```

1    aware of the nature of the charges and the consequences of

2    their guilty pleas, and that their pleas of guilty are knowing

3    and voluntary pleas supported by an independent basis in fact

4    containing each of the essential elements of the offense.

5         I also find the defendants have freely, voluntarily,

6    and intelligently entered their pleas of guilty here today with

7    no promises other than those set forth in the plea agreement

8    and no threats and without any mental impediment of any kind.

9         In addition, I find that the defendants of all three

10   had the advice of counsel of competent lawyers with whom they

11   have each said they are satisfied.  I recommend that Judge

12   Moore accept these pleas and that he adjudge the defendants

13   guilty of Count 1 of the indictment.

14        Gentlemen, let me explain what happens now.  A written

15   presentence report will be prepared by the probation office to

16   assist in sentencing.  You will be asked to give information to

17   the probation officer for the report, and your attorney may be

18   present for that if you wish.  If you have any specific

19   requests for treatment modalities or places of incarceration,

20   please do it during the PSI.

21        You and your attorney shall have the opportunity to

22   read the presentence report and file any objections to it

23   before the sentencing hearing.

24        You and your attorney will have the opportunity to

25   speak on behalf of you at the sentencing hearing.  If there are

1   any victims of the offense, the victims shall have the chance

2   to be heard at the sentencing hearing.

3        I will now refer three defendants to the probation

4   office for a presentence investigation and report.

5        Counsel, if any of you anticipate needing more than 30

6   minutes for your sentencing hearing, which will be set by

7   separate order, please let Judge Moore's chambers know so he

8   can schedule it accordingly.

9        A written report and recommendation will follow

10  recommending that Judge Moore accept your three pleas of

11  guilty.  The parties will have 14 days therefrom to file

12  objections.

13        Failure to object will waive your right on appeal to

14  challenge the district court's order based on unobjected-to

15  factual conclusions.

16        Gentlemen, I think that concludes the hearing for

17  these three individuals unless there's anything further.

18  Mr. Dunham?

19        MR. DUNHAM:  Nothing further for Mr. Guerrero Marquez,

20  Your Honor.

21        THE COURT:  Mr. Cohen?

22        MR. COHEN:  Nothing from Mr. Ener Cortes Rodriguez,

23  Your Honor.

24        THE COURT:  Mr. Donet?

25        MR. DONET:  Nothing further from Mr. Garcia Cabeza,

```
 1   Thank you, Your Honor.

 2           THE COURT:  Ms. Rodriguez-Schack?

 3           MS. RODRIGUEZ-SCHACK:  No.  Thank you, Your Honor.

 4           THE COURT:  That concludes our hearing.  We are

 5   adjourned.

 6           Gentlemen, your next hearing will be in front of Judge

 7   Moore for sentencing.  Good luck to you there.

 8           (The hearing concluded at 2:29 p.m.)

 9                           - - -

10                     C E R T I F I C A T E

11

12           I hereby certify that the foregoing is an

13   accurate transcription of the proceedings in the

14   above-entitled matter.

15

16

17   3/14/22              s/ Tammy Nestor
                          Tammy Nestor, RMR, CRR
18                        Official Court Reporter
                          400 North Miami Avenue
19                        Miami, Florida 33128
                          tammy_nestor@flsd.uscourts
20

21

22

23

24

25
```